# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**FILED**

March 7, 2019

Lyle W. Cayce
Clerk

No. 18-10687
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

HOLLY LYNN BENSON,

Defendant-Appellant

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 6:17-CR-22-1

Before BENAVIDES, HAYNES, and WILLETT, Circuit Judges.

PER CURIAM:[*]

Holly Lynn Benson appeals the 45-month, above-guideline prison sentence imposed upon revocation of probation as procedurally unreasonable. For the first time, she argues that the district court procedurally erred by not providing adequate reasons for the sentence in light of her nonfrivolous arguments in favor of leniency.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 18-10687

When a defendant properly preserves an objection to a revocation sentence for appeal, the sentence is reviewed under a "plainly unreasonable" standard.  *See* 18 U.S.C. § 3742(a)(4); *United States v. Kippers*, 685 F.3d 491, 497 (5th Cir. 2012).  However, Benson did not properly preserve the argument she raises on appeal because she raised only a general objection to the reasonableness of her sentence in the district court.  *See Kippers*, 685 F.3d at 497; *United States v. Whitelaw*, 580 F.3d 256 (5th Cir. 2009).  She concedes that her general objection to the sentence was not sufficient to preserve the error, but she nevertheless argues, to preserve the issues for future review, that such a specific objection should not be required where a leniency argument was raised and that *Whitelaw* was wrongly decided.  It is well settled that one panel of this court may not overrule a prior decision of another panel in the absence of an intervening contrary or superseding decision by this court sitting en banc or by the Supreme Court.  *See United States v. Traxler*, 764 F.3d 486, 489 (5th Cir. 2014).  Thus, we review the issue on appeal for plain error.  *See Kippers*, 685 F.3d at 497; *Whitelaw*, 580 F.3d at 259-60.

Although the district court did not expressly comment on Benson's mitigation arguments, it implicitly considered them.  Moreover, the district court stated that the sentence was necessary to further the 18 U.S.C. § 3553(a) goals of providing adequate deterrence and protecting the public.  § 3553(a)(2)(B), (C); *see Kippers*, 685 F.3d at 497-98.  Additionally, the record reflects that Benson was treated leniently after her first reported probation violation for drug use but was not deterred from committing subsequent violations even though she was admonished that future violations would result in adverse action.

No. 18-10687

Under the circumstances, Benson has not shown that the district court's failure to provide a lengthier explanation of the chosen sentence constituted a clear or obvious error.  We therefore AFFIRM the district court's judgment.